IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-867-GPM |
| | ) |
| MENARD CORRECTIONAL CENTER, | ) |
| MELISSA SAUERWEIN, and ROBERT | ) |
| HILLERMAN, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in Menard Correctional Center ("Menard"). Plaintiff claims that Defendants Sauerwein and Hillerman were deliberately indifferent to his serious mental health needs. More specifically, Plaintiff notes that he has a history of depression and suicide attempts, and takes psychotropic medication. On February 4, 2011, Plaintiff requested to be seen by a mental health crisis team after learning of the death of a close family member. He directed his request to Defendant Hillerman, who was his assigned mental health treatment professional. The gallery officers who handled Plaintiff's written requests informed him that the request had been conveyed to the Menard mental health department. However, nobody responded to Plaintiff's emergency request for help (Doc. 1, pp. 4-5).

      The next day, Plaintiff again contacted Defendant Hillerman through institutional mail, and sent a written complaint to Defendant Sauerwein. Neither one responded. On February 9, 2011,

Defendant Hillerman called Plaintiff in for a therapy session. He told Plaintiff that he was aware of the crisis but could do nothing for him, and offered to place Plaintiff on suicide watch (Doc. 1, p. 5). It appears that Plaintiff declined that offer, although the complaint is not clear on this point. Plaintiff filed a grievance over Defendant Hillerman's "unprofessional conduct" and requested to be assigned to a different mental health practitioner (Doc. 1, pp. 5-6). He also complained about mental health administrator Defendant Sauerwein's failure to investigate or intervene (Doc. 1, p. 7).

On May 4, 2011, Plaintiff told Defendant Hillerman that he was refusing his services and wanted to be removed from his mental health call line. Defendant Hillerman refused this request, because he received a "stipend" for each inmate patient, and because he "loves talking to tall red guys such as [Plaintiff] because [Plaintiff] was so sexy to him" (Doc. 1, p. 8). Plaintiff immediately filed a grievance over these "unprofessional remarks [and] sexual advances," and requested an investigation and a transfer from Menard *Id.* Plaintiff was eventually assigned to a different mental health professional (Doc. 1, p. 9). Before filing the instant action, Plaintiff was transferred to Stateville.

Plaintiff seeks compensatory damages for his mental anguish and stress.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The

Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

Plaintiff's claim that he suffers from depression and has a history of suicide attempts indicates that he may have a serious medical condition.  He also notes that at the time this claim arose, he had been receiving treatment in the form of psychotropic medications and regularly scheduled mental health counseling.  This treatment continued after the February 2011 incident.  The crux of Plaintiff's first claim is that Defendant Hillerman did not respond immediately to his request for "crisis" assistance.  Instead, Defendant Hillerman called Plaintiff in for treatment five days after the crisis request, at which time he offered to place Plaintiff on suicide watch.   Nowhere in his complaint or exhibits does Plaintiff allege that he attempted to harm himself or suffered any adverse symptoms while he awaited Defendant Hillerman's response.  Thus, he fails to make out a claim that the delay caused his condition to worsen or exacerbated any symptoms.  Instead, he takes issue with Defendant Hillerman's "unprofessional conduct" in their treatment session.  A lack of professionalism may amount to negligence or even malpractice, but simply does not rise to the level of a constitutional claim for deliberate indifference to a risk of serious harm.  *See King v. Kramer,* 680 F.3d 1013, 1019 (7th Cir. 2012) ("we must remain sensitive to the line between malpractice and treatment that is so far out of bounds that it was blatantly inappropriate or not even based on medical judgment . . . this is a high standard").

Likewise, Plaintiff's complaint over Defendant Hillerman's unprofessional and sexually suggestive remarks in their May 4, 2011, encounter fails to state a constitutional claim.  Verbal harassment "does not constitute cruel and unusual punishment, deprive a prisoner of a protected

liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam)).

Plaintiff's claims against Defendant Sauerwein appear to be based only on her failure, as a supervisor, to investigate or intervene after Plaintiff filed grievances against Defendant Hillerman. However, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). More to the point, because Plaintiff has failed to state any constitutional claim against Defendant Hillerman, he likewise has no viable claim against Defendant Sauerwein. The same is true for Defendant Menard Correctional Center, Mental Health Department. In addition, neither a state nor its agencies may be sued in federal court for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Notably, even if Plaintiff's complaint had stated a claim for deliberate indifference to his mental health condition, the fact that he suffered no physical injury bars him from recovering any compensatory damages for mental or emotional injury alone. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e).

**Pending Motion**

Because this action shall be dismissed, Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED: September 12, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge